JESSE M. THURMOND, plaintiff in error, *vs.* JOHN C. CLARK *et al.*, defendants in error.

1. A complainant may amend his bill after a decision of the Supreme Court sustaining a demurrer to it, and before the *remittitur* is entered upon the minutes of the Superior Court; but if the amendment offered still fails to make a case which entitles the complainants to relief, it is not error in the Superior Court to refuse it, and dismiss the bill.

2. Ignorance of law, where there is no misplaced confidence, and no fraud on the part of the opposite party, will not authorize the intervention of equity: Code, section 3066. Hence, where parties submit the matters in issue between them to arbitration, and an award is rendered and made the judgment of the Court, under the Code, without objection on the part of the losing party, a bill will not lie at his in-

Thurmond *vs.* Clark *et al.*

stance to set aside the judgment, upon the ground that he could have prevented the award from becoming the judgment of the Court, by filing exceptions, but was ignorant of his right to do so.

Equity practice. Amendment. Ignorance of law. Before Judge KNIGHT. Lumpkin Superior Court. September Term, 1872.

This case will be found reported in 46 *Georgia Reports*, 97. Before the judgment of the Supreme Court sustaining the demurrer to the bill was made the judgment of the Superior Court, complainant moved to amend his said bill, substantially, as follows to-wit:

That at the time the original bill was filed, the submission and the testimony which was before the arbitrators upon which said award and judgment were predicated, could not be found, but have since come to hand, and from the information derived from the same, complainant is now enabled to charge that the award and the judgment thereon are illegal upon the following grounds, in addition to those set forth in the original bill, to-wit: 1st. That at the time the deed and bill of sale from complainant to Susan J. Clark were executed, defendants, by combining and colluding between themselves to injure and defraud complainant, did seduce him, by improper persuations and deceit, to drink spirituous liquors until he was drunk, and whilst complainant was in this condition, defendants, by deception, obtained complainant's signature to the same, without paying one cent; that at the time complainant consented to arbitrate the matters in controversy between him and said defendants, the defendant, John C. Clark, as agent of the defendant, Susan J. Clark, by the same seductive means, procured complainant again to become intoxicated, and while in this condition complainant entered into the necessary agreement. 2d. That at the time said award was made the judgment of the Court, complainant had no legal counsel and adviser, and was not informed that it was his legal right to except to the same; that neither complainant nor any agent or attorney was present when said award was made

the judgment of the Court, and, therefore, complainant did not and could not either agree or except to the same, but that if complainant had had a correct knowledge of his legal rights, he believes he could have prevented the award and the judgment thereon.

The proposed amendment contained other allegations, but none of them material to an understanding of the decision.

The Court refused to allow the amendment, and ordered the bill dismissed. Whereupon, complainant excepted, and assigns error upon the following grounds, to-wit:

1st. Because said Court erred in deciding that the effect of the decision of the Supreme Court, in said case, was to dismiss the original bill without any right on the part of complainant to amend said bill.

2d. Because said Court erred in refusing to allow said amendment.

WIER BOYD, for plaintiff in error.

R. A. QUILLIAN, for defendants.

MONTGOMERY, Judge.

1. We have several times decided that a complainant may amend his bill after a demurrer to it has been sustained by this Court, provided the motion to amend be made at or before the time that the opposite party moves to enter the *remittitur* upon the minutes, and to make it the judgment of the Court. This, however, contemplates that a substantial amendment is offered. If the complainant, by his proposed amendment, still fails to make a case for equitable interference, the amendment will not save the bill.

2. The single question, then, in this case is, does the proposed amendment make such a case as to entitle the complainant to equitable relief? Undoubtedly he has had his day in Court, and has failed to avail himself of defenses which existed then as now, and were as well known to him at that time as when he offered the amendment to his bill, to-wit:

that the defendants procured his drunkenness and obtained his signature, while in that state, to his deed, bill of sale, contract of tenancy and agreement to submit to arbitration; that said award is founded on illegal testimony, and is contrary to evidence and public policy, and awards, among other things, the payment of an illegal judgment by complainant, which had, before that time, been obtained against him by one of the defendants. All these objections should have been taken before the arbitrators, or upon exceptions to the award, when it was proposed to make it the judgment of the Court. The complainant was present at the arbitration, and was not only sworn to abide by it as final, but was also sworn as a witness. The excuse offered for not making the objections at the proper time is ignorance of his right to do so. If this excuse is a valid one, it would be difficult to say when a judgment is final. As to a part of the matter in controversy, there have already been two judgments against the complainant, each supposed to be final—the original judgment complained of as illegal, and the award. Complainant now seeks to reopen that issue for the third time. It is not pretended that there was any misplaced confidence in the defendants, or that they used any artifice or deception, or fraudulent practice, either to induce the mistake of law on the part of the complainant in failing to avail himself, at the proper time, of the defenses set forth, or to prevent its correction. This being so, a Court of equity cannot interfere.

Judgment affirmed.