INMAN, SWANN & COMPANY *vs.* FOSTER, trustee, *et al.*

Where a decree in equity has been before the Supreme Court, and the judgment of the court below has been affirmed, a bill of review will not lie to reverse such decree.

(*a.*) A decree rendered against executors in favor of legatees, fixing the entire amount due by such executors on account of a *devastavit*, is not inconsistent with a decree against certain other parties for the amount in which they aided in such *devastavit*. The two are consistent and intelligible, when construed with the pleadings.

December 4, 1883.

*Res adjudicata.* Equity. Judgments. Before Judge LAWSON. Greene County. At Chambers. June 4, 1883.

Reported in the decision.

HOOK & MONTGOMERY, for plaintiffs in error.

F. C. FOSTER; J. A. BILLUPS, for defendants.

BLANDFORD, Justice.

The plaintiffs in error filed this bill against defendants to enjoin a decree which defendants had recovered against plaintiffs, and to review and reverse the same. When the original case came before this court, as reported in 65 *Ga.*, 82, this court held that the decree rendered against the executors of R. J. Willis should be affirmed, but that so much of the decree as found against Inman, Swann & Co. be reversed, upon the ground that the executors were liable to the complainants in the original bill for the whole *devastavit*, but that Inman, Swann & Co. were only liable to the extent that they participated and assisted in the *devastavit*. Upon the next trial, the jury found against Inman, Swann & Co. for their participation in the *devastavit* committed by the executors. A new trial was moved for, and the same being refused, that decree was brought before this court at the September term, 1882, of the court, when the judgment of the court below was affirmed.[*]

[*]See 69 *Ga.*, 385.

This present bill proposes to review and reverse the decrees which have been rendered in this case between the same parties. The court below held that there was no equity in the bill, and refused the injunction prayed for, and plaintiffs in error except to this ruling of the court below.

The decision of the court is clearly right—4 *Ga.*, 558—in which case this court held that where a decree in equity had been before the Supreme Court, and the judgment of the court below affirmed, a bill of review will not lie to reverse such decree.

The counsel for plaintiffs in error insist that the decree first rendered in favor of defendants in error against the executors of Willis, and the decree rendered in favor of defendants in error against Inman, Swann & Co., when taken in connection with the pleadings in the case, are inconsistent, and cannot be intelligibly executed or understood. We think that there can be no difficulty in understanding the decrees complained of. The decree against the executors found the amount the defendants in error, who were complainants, were entitled to for the *devastavit* committed by the executors. The decree against Inman, Swann & Co. found the amount for which they were liable, by reason of having assisted and participated in the *devastavit* committed by the executors. The first decree fixed the whole amount due defendants in error, and of this amount the last decree fixed the liability of Inman, Swann & Co.

Judgment affirmed.