Inman, Swann & Company vs. Foster, trustee.

on which suit was brought. The assignee had made payments on the note, reducing it to .$1,216.20. Damish brought suit against the assignee for that amount as money had and received by the assignees for plaintiff's use. Wright set up these facts in his defence, and that he had received notice from Whittendale to defend the suit on the note, as it was claimed that nothing was due thereon. The case was submitted to the court, without a jury, on an agreed statement of facts. He rendered judgment in favor of the plaintiff " against the defendant, Stephen B. Wright, as assignee of Christopher Whittendale," for the principal sued for, with interest thereon. Defendant excepted.]

---

INMAN, SWANN & COMPANY *vs*. FOSTER, trustee.

The jury found the following verdict: "We, the jury, sustain exceptions numbers 1, 2 and 3, and find for complainants $1,500 principal, and $1,499.66 interest to date, the said amount to come out of the tract of land formerly owned by R. J. Willis, deceased, now in possession of Inman, Swann & Co. :"

*Held*, that, construing the verdict by the pleadings and history of the case on its former trials, in respect to the issues made by the pleadings, and giving it a reasonable intendment, it was the intention of the jury to subject all the land which Inman, Swann & Co. bought from Heard and wife, or which was conveyed to them by Heard and wife, including that subject to dower, and now levied on by virtue of the decree. 65 *Ga.*, 82; 69 *Id.*, 385; 72 *Id.*, 79.

(*a.*) An affidavit of illegality cannot go behind a judgment or decree, and the construction of the verdict would hardly be before the court. The decree in this case covers the land levied on, and the execution follows the decree. Code, §§3671, 4215.

Judgment affirmed.

March 27, 1885.

JACKSON, Chief Justice.

[The history of this case and the questions involved may be fully seen by reference to 65 *Ga.*, 82; 69 *Id.*, 372, 385; 72 *Id.*, 79.]