## HUBBARD v. McCREA.

1. When a case has been brought to this court from a final judgment of a trial court, the latter has no jurisdiction to proceed with a new trial of the case until after the remittitur from this court has been entered upon the minutes of the lower court and made the judgment thereof.

2. Accordingly, where the judgment of this court, in effect, affirms the judgment of a superior court if the plaintiff below will "during the term at which the remittitur from this court shall be entered" amend his judgment in a specified way, but, in case of a refusal so to do, reverses that judgment, another trial of the case can not be lawfully begun until after the remittitur has been actually entered upon the minutes of the trial court. Any attempt therefore to have a new trial before this has been done is merely nugatory, and consequently the plaintiff, by participating therein, does not forfeit his right to amend his original judgment as allowed by the judgment of this court, if he seeks to avail himself of this right during the progress of such trial and as soon as the remittitur is in fact entered.

Argued February 14, — Decided March 23, 1898.

Motion to set aside judgment. Before Judge Gober. Cobb superior court. March term, 1897.

*C. D. Phillips, T. B. Irwin, A. N. Edwards* and *Enoch Faw*, for plaintiff in error. *Clay & Blair*, contra.

LITTLE, J. On the 23d of January, 1894, a judgment was rendered in the superior court of Cobb county in favor of W. A. McCrea v. D. A. Hubbard. There was a motion for a new trial, which was overruled, and the defendant in the court below excepted to the judgment overruling the motion for a new trial and sued out a bill of exceptions to this court. After a hearing, a judgment was rendered by this court, which, as it appears in condensed form on the remittitur, is in the following language: "This case came before the court on a transcript of the record from the superior court of Cobb county; and, after argument had, it is considered and adjudged by the court that the judgment of the court below be affirmed, with the direction that the plaintiff, during the term at which the remittitur from this court shall be entered, shall make and file a renunciation of all future interest upon the judgment already entered in her favor, and amend the judgment accordingly. Unless this is done, the judgment is reversed. March 25th, 1895."

Prior to the 11th day of January, 1897, on which day the regular November term, 1896, of Cobb superior court was in session, the remittitur from this court had not been entered upon the minutes of the superior court, nor had the judgment of this court in said case been made the judgment of said superior court. Nevertheless on that day the case was again called and another trial entered upon. After the introduction of evidence, the argument of counsel, the charge of the judge, and the retirement of the jury to consider their verdict, the remittitur from this court was handed to the judge, who at once made an order making the judgment of this court the judgment of the superior court; and thereupon counsel for the plaintiff entered upon the remittitur, in writing, the following: "Plaintiff amends her judgment in this case to conform to the judgment of the Supreme Court therein, and it is amended accordingly; the excess is written off to conform to the judgment of the Supreme Court, and future interest is written off accordingly. January 11th, 1897." This entry was signed by counsel for the plaintiff. The court's attention was then called to the fact that counsel for plaintiff had written off the interest in the former judgment and otherwise made it conform to the judgment of the Supreme Court, and therefore counsel for plaintiff moved that the case then under consideration be withdrawn from the jury. It did not appear by entry, nor otherwise, that the remittitur had been filed in the office of the clerk of the superior court; and counsel for plaintiff, in support of the motion, stated that they had not previously seen the remittitur and that what action they had taken was in confidence of a belief that the case had simply been reversed by this court, and that as the remittitur had just been filed, they took the first occasion to conform to its terms. The judge then had the jury brought into court and discharged them from further consideration of the case. The defendant filed a motion to arrest and set aside the judgment, making the facts as above recited the first ground of the motion. The second ground of the motion to arrest and set aside the judgment was, because the plaintiff elected to accept the judgment of the Supreme Court as a reversal of the judgment of the superior court, and that

the defendant acted upon such election; and the third ground of the motion was, because if the judgment should be allowed to proceed, the costs of the last trial would fall upon the defendant, etc. This motion to arrest and set aside the judgment, while not clearly so appearing, was evidently directed to the original judgment rendered by the superior court in the case, as amended in accordance with the direction of the Supreme Court. The court overruled this motion in arrest of judgment, and the movant excepted.

When the original judgment was rendered in the superior court, that was, so far as that court was concerned, a final disposition of the case between the parties. The claim which had been asserted in that court, and denied by the defendant, had been adjudicated and passed into the form of a judgment. The defendant in the case made a motion to set aside that judgment. The judge of the superior court refused that motion, and the effect of his refusal was to leave the judgment of the superior court in full force. The defendant excepted to the action of the court in refusing to grant a new trial and set aside the judgment which had been rendered, and sued out a writ of error to this court. All these proceedings had no effect upon the judgment which had been rendered below, but it stood in that court as a final adjudication of the case which had been brought; indeed, if such judgment had not been a final disposition of the case, a writ of error to this court could not in this instance have been sued out to inquire into the action of the court concerning it, as it is provided by our Civil Code, § 5526, that no case shall be taken to this court so long as the case is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto. It may be therefore said that after the rendition of the judgment in the case, there was nothing further to try in that court, unless by the judgment of this court such judgment should have been set aside and a new trial in the case awarded. When the case arising on the refusal of the judge of the lower court to grant a new trial was heard and passed upon in this court, the latter adjudicated that the judg-

ment of the court below in refusing to grant a new trial should
be affirmed, if, during the term at which the remittitur from
this court should be entered, the plaintiff would make and file
a renunciation of all future interest upon the judgment which
had been rendered in her favor, and amend the judgment in
this respect.    It was further adjudged that unless this was done,
the judgment should be reversed.    Let it be noted that the
time in which such amendment should be made was "during
the term at which the remittitur shall be entered."    The effect
of this judgment was, that if such amendment should be made
at the term at which the remittitur was entered, then the judg-
ment of the court below overruling the motion for a new trial
should be affirmed ; that if the amendment was not made at
such term, then the judgment was reversed.    By section 5597
of the Civil Code, it is provided that the decision of the court
and any direction awarded in the case shall be certified by the
clerk (Supreme Court) to the court below, and shall be respected
and in good faith carried into full effect by the superior court.
Without knowledge, as it appears by the statement of counsel,
as to the effect of this decision, but believing that a new trial
had been granted, before the remittitur was entered a new trial
of the case was begun.    If the remittitur had been filed in the
office of the clerk and entered upon the minutes of the superior
court, and the parties had thereafter gone to trial, there would
have been good ground to support the contention of the plain-
tiff in error that opposite counsel had elected to treat this judg-
ment as a reversal.    But at the proper term of the court below,
as directed by this court, and immediately upon the remittitur
having been entered, counsel for plaintiff below made his elec-
tion and complied with the direction, incorporated in the judg-
ment of this court, necessary to affirm the judgment which had
been rendered.    This being true, the judgment of the court
below stood affirmed.

At the time this new trial was entered upon, there was no
case pending in Cobb superior court to be tried.    The cause
between the parties, as far as that court was concerned, had
finally been disposed of, and therefore all proceedings had with
reference to another trial of the cause, while the same was

pending in this court, were simply nugatory and of no avail. Where a final judgment has been rendered in the court below and a bill of exceptions sued out to this court, seeking to reverse that judgment, unless a new trial is ordered by this court and such judgment set aside, there is no case to be tried again. It is provided by our Civil Code, §§ 5490, 5491, that in all cases decided by this court which are not fully disposed of by the decision and the remittitur is entered on the minutes of such trial court, the clerk of that court shall then docket the case immediately after other cases pending in that court, and the same stands for trial at the next ensuing term after the decision of this court. It must be held, therefore, that inasmuch as counsel for the defendant in error, immediately after the entry of the remittitur, complied with the conditions on which the judgment of the court below was affirmed by the decision of this court, the proceedings had in relation to another trial of the case were of no force and effect; and the judgment of the court below in overruling the motion in arrest of judgment was right, and accordingly is

Affirmed.   All concurring, except Cobb, J., absent.