PURDY, administrator, *v.* DUNN MACHINERY COMPANY.

ATKINSON, J. 1. Where one enters into an entire contract to sell several articles of personalty to be used in the construction of a building, with the stipulation that the vendee on delivery of the goods is to execute two notes secured by a conditional-sale contract, reserving title in the goods to the seller until the purchase-money is paid, and where the goods are delivered in accordance with the executory contract of sale, but the purchaser, on demand, refuses to execute the notes and conditional-sale agreement, no title passes, and the seller may recover his goods in trover. *Starnes* v. *Roberts,* 128 *Ga.* 718 (58 S. E. 348). If the seller brings trover to recover a portion of the goods, on account of the refusal to execute the notes and conditional-sale contract, that is a repudiation of the contract in its entirety. *Glisson* v. *Heggie,* 105 *Ga.* 30 (31 S. E. 118). He can not subsequently assume an inconsistent position by asserting the validity of the contract of sale, and, on the basis thereof, foreclose a materialman's lien against the real estate of the purchaser for the balance of the goods which were used in the construction of the building. *Bacon* v. *Moody,* 117 *Ga.* 207 (43 S. E. 482); *Tuttle* v. *Stovall,* 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168).

(a) There was no allegation in the petition as amended that, after notice of the failure of the purchaser to give the notes, in accordance with the terms of the contract, the vendor elected to treat the transaction as a completed sale by filing his claim of lien for the price of the goods.

2. Applying the foregoing principles to the petition, the court erred in refusing to dismiss the same on demurrer.

3. Inasmuch as the petition should have been dismissed on demurrer, the subsequent trial was a nullity.

*Judgment reversed. All the Justices concur.*
SEPTEMBER 15, 1914.

Lien foreclosure. Before Judge Hammond. Richmond superior court. April 12, 1913.

*W. K. Miller,* for plaintiff in error. *C. E. Dunbar,* contra.