Dunn Machinery Company *v.* Purdy, administrator, *et al.*

Hill, J. 1. When this case was formerly before the Supreme Court (142 Ga. 308, 82 S. E. 887), among other things it was held, in substance, as follows: Where one entered into an entire contract to sell several articles of personalty to be used in the construction of a building,

with the stipulation that the vendee on delivery of the goods was to execute two notes secured by a conditional-sale contract, reserving title in the goods to the seller until the purchase-money was paid, and where the goods were delivered in accordance with the executory contract of sale, but the purchaser, on demand, refused to execute the notes and conditional-sale agreement, after knowledge of such failure of the purchaser the other party could elect to treat the transaction as a completed sale, file a claim of lien for the price of the goods, and seek to enforce it, or he could disaffirm the sale and bring an action of trover; that he could not affirm the sale in part and disaffirm it in part, the contract being entire; that having instituted a proceeding to foreclose a materialman's lien, and also an action of trover to recover a part of the articles furnished, he must be held to have elected to take one course or the other, and could not elect to take both; that in the proceeding to foreclose a materialman's lien for a part of the articles furnished, which were used in the construction of a building, there was no allegation in the petition as amended, that, "after notice of the failure of the purchaser to give the notes in accordance with the terms of the contract, the vendor elected to treat the transaction as a completed sale by filing his claim of lien for the price of the goods." In the companion case of *Purdy* v. *Dunn Machinery Co.*, 142 *Ga.* 309 (82 S. E. 888), where an action of trover was brought by the seller, it was held that a plea which sought to set up, in effect, that, after notice of the purchaser's refusal to give the notes and execute the conditional-contract of sale, the seller omitted to disaffirm the sale, but, on the basis of a sale, prepared and filed for record a statutory claim of lien against the realty of the purchaser for the value of the goods delivered, and that he thereby made his election to affirm the sale, and could not thereafter be heard to repudiate it on the ground of a failure of the purchaser to perform his obligations thereunder, was erroneously stricken on demurrer. The original petition had attached to it a copy of the claim of lien filed, which was dated November 5, 1910, which it was alleged was recorded. It was alleged that the trover suit was brought on November 15, 1910. It was held that the proceeding to foreclose the lien, as it then stood, was demurrable, and the judgment overruling the demurrer was reversed. When the case was returned to the trial court, and before the judgment of the Supreme Court was made the judgment of that court, an application to amend the petition was made, so as in effect to strike from the petition reference to the trover suit, to allege that, after notice of the failure of the purchaser to give the notes in accordance with the terms of the contract, the vendor elected to treat the transaction as a completed sale by filing his lien for the price of the goods, and to allege that the foreclosure was for the entire price of the goods furnished, but that some of them had not been attached to or become a part of the realty (stating the value thereof) at the time of the filing of the claim of lien; and that if the court should rule that by reason of that fact the claim of lien was not valid and did not attach for the value of such articles, a credit should be allowed upon the entire

amount of the purchase-price for which the claim of lien was made and sought to be foreclosed. The proposed amendments were rejected, the judgment of the Supreme Court made the judgment of the superior court, and the case dismissed. *Held,* that this was error. If the original petition did not clearly show the filing and recording of the claim of lien after notice of the default on the part of the purchaser, thus electing to treat the transaction as a completed sale before the filing of the trover suit, it was competent to amend the petition so as to make that fact clearly appear.

2. This case is here upon exception to the refusal to allow the plaintiff to amend its petition in certain respects, and to the making of the judgment of the Supreme Court the judgment of the court below, and dismissing the action. In determining the correctness of these rulings the condition of the trover suit at the time when such rulings were made can not be considered, except in so far as it appears on the face of the proceedings. References thereto in the briefs of counsel can not bring such facts before this court. The plaintiff, having the right to amend its petition both in the matter of form and substance, had the right to strike allegations contained in its original petition in regard to bringing a trover suit. What facts may be developed on the trial of this case, or the trover case, as to an election, is not now before us.

*Judgment reversed. By five Justices, all concurring.*

SEPTEMBER 12, 1916.

Trover. Before Judge Hammond. Richmond superior court. March 20, 1915.

*C. E. Dunbar* and *W. W. Visanska,* for plaintiff.

*W. K. Miller* and *W. H. Fleming,* for defendants.