## PRYOR *v.* PRYOR *et al.*

HINES, J.    1. Where a bill of exceptions has been certified and signed by the judge and filed in the clerk's office of the court below, as required by law, in legal contemplation this court acquires jurisdiction of the case; and any further action by the court below therein, until the remittitur from this court is filed in the court below, is coram non judice and void. *Wade* v. *Graham,* 59 *Ga.* 642; *W. & A. R. Co.* v. *State,* 69 *Ga.* 524, 532, 533; *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325 (1-a); *Hubbard* v. *McCrea,* 103 *Ga.* 680 (30 S. E. 628); *Knox* v. *State,* 113 *Ga.* 929 (39 S. E. 330); *A., K. & N. Ry. Co.* v. *Wilson,* 119 *Ga.* 781 (6) (47 S. E. 366); *Edwards* v. *State,* 125 *Ga.* 5 (53 S. E. 579).

2. When the final judgment of the judge of the superior court in a habeas corpus proceeding is affirmed on writ of error by this court, and the case is not remanded to the lower court for further proceedings, the controversy is at an end; the rights of the parties, as far as they are involved in the litigation, are conclusively adjudicated; further proceedings in the case in both this court and the lower court are precluded; and the judgment of the lower court is in full force and effect, precisely the same as though no appeal to this court had been taken. *Rice* v. *Carey,* 4 *Ga.* 558; *Allen* v. *Savannah,* 9 *Ga.* 286; *Perry* v. *McLendon,* 62 *Ga.* 598; *Price* v. *Lathrop,* 66 *Ga.* 545, 548; *Watkins* v. *Lawton,* 69 *Ga.* 671; *Gray* v. *Conyers,* 70 *Ga.* 349, 353; *Harris* v. *Hull,* Id. 838; *Inman* v. *Foster,* 72 *Ga.* 79; *Robinson* v. *Wilkins,* 74 *Ga.* 47; *McWilliams* v. *Walthall,* 77 *Ga.* 7; *Daniels* v. *Towers,* 79 *Ga.* 785 (7 S. E. 120); *Benning* v. *Horkan,* 123 *Ga.* 454 (51 S. E. 333); 4 C. J. 1148, § 3156.

3. The principle of res adjudicata is applicable to proceedings in habeas corpus involving an inquiry into and a determination of the rights of conflicting claimants to the custody of a minor child; and judgments in such proceedings, partaking of the general characteristics of conclusiveness between the parties as ordinary judgments, such judgments like-

---

Appeal and Error, 3 C. J. p. 1252, n. 28; p. 1253, n. 31; p. 1255, n. 43; 4 C. J. p. 1148, n. 75, 76, 77, 78; p. 1211, n. 15.

Habeas Corpus, 29 C. J. p. 112, n. 47; p. 196, n. 14 New.

wise fall under the general rule regarding their amendment. *Richards*
v. *McHan*, 139 *Ga.* 37, 39 (76 S. E. 382).

4. It follows from the above rulings that the court below, after having
awarded the custody of a minor child to her mother in a habeas corpus
proceeding brought by her against her paternal grandparents for the
custody, and after the judgment so awarding said child to the mother
had been affirmed by this court upon writ of error brought to review
the same by such grandparents, erred in passing an order allowing and
directing to be filed a petition brought by the grandparents to reopen
the habeas corpus proceeding on specified grounds, and in awarding the
custody of the child to the grandparents.

*Judgment reversed. All the Justices concur.*

No. 5538. MARCH 17, 1927.

Habeas corpus. Before Judge Searcy. Spalding superior court.
June 11, 1926.

Mrs. May Ola Pryor, the mother, brought in Spalding superior
court, against Mr. and Mrs. M. L. Pryor, the paternal grand-
parents, her habeas corpus proceeding for the custody of her
daughter, Annie Cecil Pryor, of the age of nine years. The
custody of this child was awarded by the judgment of the lower
court to her mother. To this judgment the defendants excepted.
On April 16, 1926, the judgment was affirmed by this court.
*Pryor* v. *Pryor,* 162 *Ga.* 148 (132 S. E. 895). On April 17, 1926,
and before the remittitur from this court had been transmitted to
the lower court, the defendants petitioned the lower court to reopen
the original judgment in the habeas corpus proceeding, upon the
grounds: (1) that, since awarding the custody of said child to
her mother, the mother had removed herself and other children
to the State of Texas, and is no longer a resident of Georgia;
and (2) that movants, since the trial of the habeas corpus pro-
ceeding, had discovered that the plaintiff's conduct was such as
to render her not a proper person for the care and custody of
said child. They prayed that the case be reopened and a rehear-
ing had therein before the remittitur from this court was made
the judgment of the lower court. The lower court passed an order
allowing and directing said petition to be filed, subject to any
objections that might be made thereto. To said order the mother
excepted, upon the ground that the lower court was without juris-
diction to pass said order, as the case was pending in this court.
The mother demurred to the petition to reopen the case, on the
ground that it set forth no legal reason for the grant of the relief

prayed; specially to the first ground of the petition, because the identical question had been raised upon the original hearing, and had been adjudicated against the defendants; and to the second ground, because the allegation contained therein was too indefinite to enable her to properly defend against it. The court overruled the demurrer, and to this judgment the mother excepted. The mother filed an answer to the petition, which in effect admitted her removal with her children to the State of Texas, but she denied the allegation that she is an unfit person to have the custody of her child. The case proceeded to trial, and the trial judge awarded the custody of the child to the grandparents. To this judgment the mother excepted, upon the grounds: (a) that it is contrary to law, in that the court undertook to reopen and review a former judgment after it had been unconditionally affirmed by this court; (b) that the defendants were concluded by the former judgment in the case; (c) that the judgment was contrary to the evidence; (d) that this court adjudicated the right of the plaintiff to the custody of her daughter under the facts existing on August 13, 1925, the date of the original judgment, that the defendants could only reopen the judgment for facts appearing since the date of the original judgment and up to June 11, 1926, the date of the second judgment; and (e) that the court abused its discretion in awarding the child to her grandparents.

*D. R. Cumming,* for plaintiff.

*J. A. Darsey* and *W. H. Connor,* for defendants.