20411. KISER *v.* KISER *et al.*

SUBMITTED MARCH 10, 1959—DECIDED APRIL 9, 1959.

850

*Harold L. Murphy, D. B. Howe,* for plaintiff in error.

*Murphy & Murphy, Thos. B. Murphy, Jas. R. Murphy,* contra.

HEAD, Justice. While former decisions of this court are not without some conflict, counsel for the plaintiff in error have cited no case, and our exhaustive search has not revealed any decision by this court, where it is held that under facts similar to those in the present case the plaintiff's petition could be amended while the cause was pending on motion for rehearing in this court.

In *Clements* v. *Hollingsworth*, 206 *Ga.* 255 (56 S. E. 2d 505), at page 257, Mr. Chief Justice Duckworth stated the general rule as follows: "Where the Supreme Court reverses a judgment of the trial court, overruling demurrers to a petition as amended, the petitioner on the return of the remittitur, but before it is made the judgment of the trial court, may amend the petition." While Mr. Justice Almand dissented in the *Clements* case, his dissent was not based upon this ruling, since in the same volume, in *Copeland* v. *Carpenter*, 206 *Ga.* 822(1) (59 S. E. 2d 245), concurred in by all the Justices, Mr. Justice Candler stated the rule in the following language: "When a demurrer to a petition is overruled, and on exceptions to this court the judgment is reversed in whole or in part, on the return of the remittitur to the trial court, and before it is made the judgment of that court, the petition may be amended, provided there is enough in

it to amend by." This ruling is supported by many decisions of this court. See *Walker* v. *Cook*, 17 *Ga*. 126; *Sullivan, Cabot & Co*. v. *Rome Railroad Co*., 28 *Ga*. 29; *Thurmond* v. *Clark*, 47 *Ga*. 500; *Charleston &c. Ry. Co*. v. *Miller*, 115 *Ga*. 92 (41 S. E. 252); *Atlanta &c. Ry. Co*. v. *Wilson*, 119 *Ga*. 781 (6) (47 S. E. 366); *City of Rome* v. *Sudduth*, 121 *Ga*. 420 (49 S. E. 300); *Eagle & Phenix Mills* v. *Muscogee Mfg. Co*., 129 *Ga*. 712 (59 S. E. 804); *Dunn Machinery Co*. v. *Purdy*, 145 *Ga*. 795 (89 S. E. 1044); *Byrd* v. *Prudential Ins. Co*., 185 *Ga*. 310, 315 (195 S. E. 403); *Whiddon* v. *Southern Auto Finance Co*., 188 *Ga*. 340 (3 S. E. 2d 889); *Owens* v. *Owens*, 190 *Ga*. 191 (8 S. E. 2d 644); *Gordon County Broadcasting Co*. v. *Chitwood*, 212 *Ga*. 21 (90 S. E. 2d 5).

In some instances this court has used broad language stating that, "When the judgment of a trial court overruling a demurrer to a declaration is reversed by this court, the plaintiff has the right to offer an amendment to the declaration at any time before the order is passed making the judgment of this court the judgment of the trial court." *Savannah, Florida &c. Ry. Co*. v. *Chaney*, 102 *Ga*. 814 (1) (30 S. E. 437).

In *Jackson* v. *Security Ins. Co*., 177 *Ga*. 631 (170 S. E. 787), the above language was quoted as supporting a ruling there made that an amendment to a petition might be filed before the remittitur had been transmitted to the trial court. In *Savannah, Florida &c. Ry. Co*. v. *Chaney*, supra, it appears that the remittitur had been filed in the trial court at the time the amendment was offered in that case, and neither that case, nor any of the other authorities cited in *Jackson* v. *Security Ins. Co*., supra, supports the rule therein stated, which rule appears to be in conflict with both prior and subsequent full-bench decisions of this court. However, the facts in *Jackson* v. *Security Ins. Co*., supra, and in *Ware* v. *Martin*, 208 *Ga*. 330 (3) (66 S. E. 2d 737), where the *Jackson* case was cited and applied, are clearly distinguishable from the facts in the present case, and those cases are not authority for a different ruling when applied to the facts of the present case.

In the present case, after the defendant's demurrer to the petition was overruled, the cause proceeded to trial, a judgment

was rendered for the plaintiff, and the defendant's motion for new trial as amended was denied. The bill of exceptions in this court assigned error on both the overruling of the demurrer and the denial of the motion for new trial as amended. Where the case has been tried, and is no longer pending in the trial court, the trial court's jurisdiction over the cause is lost upon the signing of a bill of exceptions.

"Where a bill of exceptions has been certified and signed by the judge and filed in the clerk's office of the court below, as required by law, in legal contemplation this court acquires jurisdiction of the case; and any further action by the court below therein, until the remittitur from this court is filed in the court below, is coram non judice and void. *Wade* v. *Graham,* 59 *Ga.* 642; *W. & A. R. Co.* v. *State,* 69 *Ga.* 524, 532, 533; *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325 (1a); *Hubbard* v. *McCrea,* 103 *Ga.* 680 (30 S. E. 628); *Knox* v. *State,* 113 *Ga.* 929 (39 S. E. 330); *A., K. & N. Ry. Co.* v. *Wilson,* 119 *Ga.* 781 (6) (47 S. E. 366); *Edwards* v. *State,* 125 *Ga.* 5 (53 S. E. 579)." *Pryor* v. *Pryor,* 164 *Ga.* 7 (1) (137 S. E. 567).

In the present case, the judgment of the trial court was superseded in the manner provided by Code § 6-1002. In *Tanner* v. *Wilson,* 184 *Ga.* 628 (192 S. E. 425), at page 633, this court stated the effect of a supersedeas, as follows: "Upon the overruling of the motion for new trial, and within the time prescribed by law, Mrs. Tanner (the judgment debtor) filed her bill of exceptions to this court in forma pauperis, which in itself acted as a supersedeas until disposition of the case in this court and the filing of the remittitur in the trial court."

In the present case, the cause having been disposed of in the trial court, and a supersedeas granted, no further proceedings could be had therein until the filing of the remittitur from this court in the trial court. The trial court properly struck the amendment which had been allowed, subject to objection, while the cause was pending in this court on motion for rehearing. Under the prior ruling of this court, the petition failed to allege a cause of action for the relief sought, and the court did not err in striking it from the docket.

*Judgment affirmed. All the Justices concur.*