Hall *vs.* Mobley.

No. 45.—JAMES HALL, plaintiff in error, *vs.* JESSE MOBLEY, administrator, &c. defendant in error.

[1.] A party plaintiff fails to aver that the defendant resides in the County where the suit is brought : *Held*, that the defect is amendable.

[2.] That the defendant being served, appearing and answering, is too late, after the writ has been amended, to move to strike that amendment and dismiss the suit on the appeal.

[3] And that being served and appearing and answering, without pleading to the jurisdiction, and without having taken the exception, the defendant is held to have admitted the fact of residence and the jurisdiction.

Assumpsit, &c. in Appling Superior Court.   Decision by Judge LOVE, December Term, 1852.

Hall brought suit against Mobley, in Appling Superior Court, but failed to aver that he was a citizen or resident of "said County." Mobley appeared and filed a plea of *non est factum*. The issue was found for the plaintiff, and Mobley appealed. At the second term of the Court after the appeal, leave was granted to the plaintiff to amend, ¡which he did by adding the words "of said County." At the next term, counsel for Mobley moved to strike out the amendment and dismiss the action for want of jurisdiction. The Court granted the motion, and this decision is assigned as error.

C. B. COLE, for plaintiff in error.

W. S. ROCKWELL, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] In our judgment, the declaration was amendable, at the time it was amended, by averring the residence of the defendant to be in the County of Appling.   If it was, it was error to order it to be afterwards stricken out.   An exception to the declaration for want of that averment at the first term, would have been regular, and in the face of the exception the plaintiff could not have proceeded.   He would have been then put upon amending, and could have amended.

[2.] Upon the appeal, the plaintiff, on his voluntary motion, was allowed to amend.   We do not think that it was competent for the defendant afterwards to have that judgment amending, reversed upon motion.   Had the writ not been at that time amended, I doubt whether the defendant's exception would have been in time.   The defect could not arrest the judgment.   The defendant was served ; he appeared and pleaded, and upon a motion to arrest, for that cause would have been held to have waived the defect.   For these reasons, the Court, in our judgment, erred in dismissing the action.   That a defect of this sort is amendable, see 2 *Peters' S. C. R.* 565.   10 *Ibid,* 480.

[3.] Again, it is not indispensable to aver the residence of the defendant in the County.   As before admitted, it is an irregularity in pleading, of which the defendant might have availed himself at the proper time, but if he is served and appears and answers, as he did in this case, he admits the regularity of the service, and without the averment, the Court may proceed to judgment.   *Gracie et al. vs. Palmer et al.* 8 *Wheat.* 699.

The question of jurisdiction on the ground of non-residence, is not made in this case, at all.   It is only a question of pleading and amendment.   There is no plea to the jurisdic-

tion, nor any consent or waiver as to the want of it. The suit was brought in Appling County—the process was issued by the Clerk of that County, and served upon the defendant by the Sheriff of that County, who appeared and pleaded. We are constrained to infer from the record, that he resided in that County. He has admitted the jurisdiction, and he has also admitted the fact (residence) upon which the jurisdiction depends. If the fact had been otherwise, he could have foiled the plaintiff by pleading to the jurisdiction; this he could have done with, or without, the original averment, and with, or without, the amendment. The case is very different from the cases decided by this Court, and relied upon by the defendant in error. This is the first time that this point has been before us.

Let the judgment be reversed.