PRATT v. GIBSON.

SIMMONS, C. J.—A judgment sustaining a demurrer to the declaration and dismissing the cause unless the plaintiff by the first day of the next term shall file and serve a certain amendment, operates as a final judgment of dismissal, with the right on the part of the plaintiff, by complying with the condition imposed, to bring about a reinstatement of his case. In such a case, after the time had elapsed within which, under the order, the plaintiff could by his own act bring about a reinstatement, the condition not having been complied with, the court lost jurisdiction of the case, and had no authority to proceed further therein.          *Judgment reversed.*
July 15, 1895.  By two Justices.

Complaint.     Before Judge Ross.     City court of Macon.     September term, 1894.

The suit was for a balance of $176.78 alleged to be due on a promissory note attached to the declaration.

The note recited that it was given for future advances of merchandise to be made by plaintiff to defendant; and upon it were credits of "amount not taken, $113.14; sale of property, $110.08." Defendant demurred for want of a bill of particulars of the merchandise furnished. At the April term, 1894, the court ordered that the demurrer be sustained and the declaration dismissed, unless plaintiff should file a bill of particulars and serve defendant with a copy thereof by the first day of the next (June) term. When the case came on to be tried at that term, it appeared that no bill of particulars had been filed or served; but (as the bill of exceptions recites) the court, for satisfactory cause shown for failure to comply with the former order, revoked so much of the same as fixed the time for filing and serving the bill of particulars, and ordered that plaintiff have until June 30 to file and serve the same, and that upon compliance with this order the case stand for trial at the September term, otherwise to be dismissed. To this ruling defendant excepted. The bill of particulars was filed and served in compliance with the last order, together with an amendment to the declaration, which was allowed over objection. At the September term defendant moved to strike the amendment and dismiss the case. The motion was overruled, and plaintiff had judgment for the amount sued for. Defendant excepted.

JOHN R. L. SMITH, for plaintiff in error.

R. V. HARDEMAN & SON, contra.