## OWENS *v.* OWENS.

No. 13228.   April 11, 1940.

*John H. Payne,* for plaintiff in error.   *Giles & Spence,* contra.

DUCKWORTH, Justice.   G. E. Owens sued Mrs. Nettie Odum Owens for divorce.   The defendant's demurrer to the petition was overruled.   The case was brought to this court for review, and the judgment was reversed on the ground that the court erred in overruling the demurrer.   Upon the return of the remittitur, and before it was made the judgment of the superior court, the plaintiff offered an amendment to his petition as originally filed, which was allowed subject to demurrer.   The defendant moved to strike the amendment and make the remittitur the judgment of the trial court, upon the grounds:   (1) that, the Supreme Court having adjudged that the general demurrer should have been sustained, the petition should be dismissed, and (2) that there was nothing by which to amend.   This motion was overruled, and the defendant excepted.

By reference to the case as reported in 189 *Ga.* 338 (5 S. E. 2d, 883), it will be seen that it was there held that the petition as originally filed was defective in that it did not contain an allegation that the plaintiff had been a bona fide resident of the State for twelve months before the filing of the suit.   The amendment offered and allowed when the remittitur was returned to the trial court was framed with a view to supplying this necessary allegation, and thus curing the defect which caused the reversal when the case was here

before. The right of a plaintiff, where a judgment overruling a demurrer to his petition has been reversed by this court, to amend his cause of action at any time before the judgment of this court is made that of the trial court is no longer open to dispute in this State; and this is so though the demurrer, the overruling of which was the ground of reversal, was based on the general ground that the petition failed to allege a cause of action. *Charleston & Western Carolina Railway Co.* v. *Miller,* 115 *Ga.* 92 (41 S. E. 252); *City of Rome* v. *Sudduth,* 121 *Ga.* 420 (49 S. E. 300); *Seaboard Air-Line Railway* v. *Randolph,* 126 *Ga.* 238 (55 S. E. 47); *Berrien County Bank* v. *Alexander,* 154 *Ga.* 775 (115 S. E. 648); *Jackson* v. *Security Insurance Co.,* 177 *Ga.* 631 (170 S. E. 787). Although the original petition failed to allege twelve-months residence of plaintiff, and this jurisdictional averment is essential to every application for a divorce, it is a defect that can be cured by amendment. The Code, § 81-1309, declares that "the omission in the pleadings of allegations showing the court's jurisdiction may be amended." In *Hall* v. *Mobley,* 13 *Ga.* 318, where the petition failed to allege that the defendant resided in the county where the suit was brought, this court, in holding that the defect was amendable, said: "In our judgment, the declaration was amendable, at the time it was amended, by averring the residence of the defendant to be in the County of Appling. . . An exception to the declaration for want of that averment at the first term would have been regular, and in the face of the exception the plaintiff could not have proceeded. He would have been then put upon amending, and could have amended." The right to amend to meet such a defect was upheld in *Raney* v. *McRae,* 14 *Ga.* 589 (5) (60 Am. D. 660). In *Coney* v. *Horne,* 93 *Ga.* 723 (20 S. E. 213), when affirming a judgment sustaining a general demurrer to a petition upon the grounds that it failed to alleged that the defendant was a resident of the county where suit was brought, this court gave leave to reinstate if the plaintiff would amend by supplying this allegation before the remittitur from this court was entered on the minutes of the trial court. Had such jurisdictional defect not been amendable, this court would not have authorized the amendment to cure it. In every suit there must be parties, subject-matter, and jurisdiction. As pointed out above, both by statutory authority and decisions of this court, facts necessary to show jurisdiction may

be brought into the declaration by amendment, so that enough to amend by is the mere presence of the other two, that is, parties and subject-matter in their minimum quantity. *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691 (13 S. E. 809). The petition in the present case contained the necessary parties, and the subject-matter was that of cruel treatment, and the relief sought was a divorce. It was therefore a sufficient basis to authorize the allowance of the amendment here involved, which contains the averment that the petitioner is a bona fide resident of the State and county and has been for more than twelve months before the filing of the original petition, thus supplying an essential jurisdictional averment. It also constitutes a specification of acts of cruelty, which is germane to the allegations of cruel treatment contained in the original suit. By alleging that on March 15, 1937, the defendant kicked petitioner out of bed, told him she loved another man, and was going to that other man, the amendment supplied a sufficient specification of acts of cruelty to constitute legal grounds for a divorce. A proper test of whether or not a declaration contains enough to amend by requires a consideration of (1) the declaration, (2) the law related to that action, and (3) the offered amendment. If the offered amendment spans the chasm between the declaration and the requirements of the law, the declaration is amendable in the manner offered by such amendment. Measured by the foregoing test, it must be held that the petition was amendable in the manner indicated. *Judgment affirmed. All the Justices concur.*