In order to maintain the action it is essential that the plaintiffs show that they have title or an interest in the land constituting the subject-matter of the suit. For making this necessary showing they rely entirely upon their exhibit F, which is nothing more than an offer, and is binding upon no one unless accepted. Under the ruling in Rivers v. Key, 189 Ga. 832 (7 S.E.2d 732), the judgment on the demurrer is the law of the case; and since the amendment offered fails to allege a cause of action by making the essential averment of plaintiff's title to the property involved, it fails to meet the terms of the order sustaining the demurrer, and the judgment striking the amendment on objection is not erroneous. It is obvious that the allegations of the amendment seeking a recovery of rent failed to state a cause of action, since the petition shows that the plaintiffs have no title to the premises on which the rent is claimed. Nor was it error to disallow the application of plaintiffs to make an additional party defendant, since no valid suit was pending.
Judgment affirmed. All the Justices concur.
 No. 13433. SEPTEMBER 25, 1940. REHEARING DENIED OCTOBER 15, 1940.
The petition comprising 67 paragraphs alleged substantially the following. The plaintiffs with I. P. Key as a partnership, on December 18, 1929, executed to the executors of the estate of T. L. Willis a deed conveying certain described lands, for the purpose of securing an indebtedness of the same date. The debt was not paid at maturity, and the grantees in the deed exercised the power of sale contained therein, and after advertisement sold the land at public outcry on the first Tuesday in June, 1932. The grantees in the deed were the purchasers at the sale, and a deed of conveyance was executed to them as authorized by the security deed. Thereafter the plaintiffs undertook to redeem the property by procuring a loan thereon from the Home Owners Loan Corporation, and the owners agreed to accept H. O. L. C. bonds in payment. W. H. Lewis executed a writing, identified as exhibit F to paragraph 35 of the petition, as follows: "The owners of the property at the corner of Green's Ferry Avenue and Humphries Street estimate that they have $3000 in the same at the present time. The owner of the property at 723-5 Ella Street S.W. estimates that he has $2250 in the same at this time. If said owners are paid these respective sums within a reasonable time from date, they will give titles to the same. This August 8, 1933. [Signed] W. H. Lewis." *Page 853 
On June 24, 1934, the owners sold the land in question to I. P. Key, Roscie Key, his wife, and Emmett Key, his son, for $3100. The petition prayed for general relief, for an accounting, and for sale of the lands involved, and distribution of the proceeds therefrom among the members of the partnership, which was composed of the plaintiffs and I. P. Key.
The defendants filed general demurrers to the petition, which were sustained on June 28, 1939, by an order reciting: "The plaintiffs having requested leave to file an amendment, they are allowed to tender such amendment within 15 days from this date. Unless such amendment is tendered within said time, or unless the amendment when and if tendered is sufficient to set forth a cause of action, then the petition shall stand dismissed as to each of the defendants." On July 12, 1939, the plaintiffs tendered an amendment attempting to meet the grounds of demurrer. It was allowed subject to demurrer and objection. It was therein alleged that the defendants had been in possession of the lands in dispute, and should be required to pay rents to the plaintiffs; and other allegations of fraud and elaboration of certain averments of the petition were made, but no reference was made to the basis of the plaintiffs' title or claim of title to the property in dispute; nor was any fact or circumstance alleged to show any right in the plaintiffs under exhibit F of the original petition. Within the time required by law from the date of the judgment sustaining the demurrer, the plaintiffs by writ of error excepted to that judgment. On that appearance this court held that the plaintiffs, by attempting to meet the ruling on the demurrer by filing an amendment, acquiesced in that judgment, and were estopped to challenge its correctness. Rivers v. Key,189 Ga. 832 (7 S.E.2d 732). Thereafter the plaintiffs petitioned the trial court to make the representative of the estate of I. P. Key a party defendant. The defendants filed objections and demurrers to this application, to the amendment, and to the petition as amended. On April 19, 1940, the court sustained the objections to the application to make an additional party defendant and the objection to the offered amendment, and the plaintiffs excepted, assigning error on these rulings.