CLEMENTS *v.* HOLLINGSWORTH, executrix.

No. 16795. NOVEMBER 14, 1949. REHEARING DENIED DECEMBER 1, 1949.

*Jule & A. C. Felton III*, for plaintiff in error.

*Farkas & Burt*, contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ■ Where the Supreme Court reverses a judgment of the trial court, overruling demurrers to a petition as amended, the petitioner on the return of the remittitur, but before it is made the judgment of the trial court, may amend the petition. *Sammons* v. *Nabers*, 186 *Ga.* 161 (197 S. E. 284). The previous rulings of this court, that the petition as then amended set forth no cause of action, becomes the law of the case. *Rivers* v. *Key*, 190 *Ga.* 852 (11 S. E. 2d, 14); *Darling Stores Corp.* v. *Beatus*, 197 *Ga.* 125 (28 S. E. 2d, 124). This means that the petition as amended, at the time of such judgment, is insufficient to state a cause of action, but when the deficiencies are specified in the opinion, the judgment is no bar to the allowance of an appropriate amendment, timely offered and allowed, which cures the defects as specified by this court.

On the first appearance in this court (*Clements* v. *Hollingsworth*, 202 *Ga.* 684, 44 S. E. 2d, 381), it was pointed out that the parties by agreement had eliminated all checks referred to in the petition except the checks for $10,000 and $4,210.31. It was further held that the allegations in the ancillary petition were not part of the main petition and the main petition could not be aided by the allegations of the ancillary one. The decision was then rendered upon the allegations relating to the two remaining checks.

It was held that the amended petition alleged these checks to be the property of the wife and not the property of the husband at the time they were delivered to him; that the latter check was delivered to Clement Hardware Company, a trade name of the husband, and used by him in that business; that the wife had no interest whatever in said business; and that the defendant husband was liable to the plaintiff as trustee. The court then pointed out that the allegations with reference to each of

the checks were insufficient to state a cause of action, for it was not alleged that the checks were not delivered to the husband as consideration for some valid contract which the wife was at liberty to enter into with the husband; and that it could not be assumed without allegations that the husband violated any duty or failed to pay any debt that he owed to his wife.

Upon the return of the remittitur and before it was made the judgment of the trial court, the petitioner had allowed and filed another amendment. It alleged that the checks referred to in the petition were both turned over and delivered to the defendant, not in consideration of any contract or obligation, nor as a gift, but for the use and benefit of the wife.

Upon reviewing the judgment overruling the demurrers to the petition as thus amended, this court in *Clements* v. *Hollingsworth*, 205 *Ga*. 153 (52 S. E. 2d, 465), held that the court erred for the reason that the amended petition did not cure a defect pointed out on the first appearance. The criticism reads as follows: "Accordingly, it cannot be assumed, without allegation, that the husband violated any duty, or failed to pay any debt, that he may have owed to his wife." ·

Again, upon the return of the remittitur and before it was made the judgment of the trial court, the petitioner had allowed and filed the amendment set forth in the statement of facts preceding this opinion. Therein, it is alleged: that the defendant violated his trust by failing to pay his wife the amount due her; that he had not accounted to her for the same; that large sums from the proceeds of the two checks were used by the defendant in violation of his trust and duty to his wife; that each of the checks was the property of the wife when delivered to the husband; that they were not delivered to him, nor accepted by him, as a gift from his wife or as consideration of a contract or obligation between them, but solely for the purpose of holding the same in trust for her; that at the wife's death, the defendant was indebted to her for large sums of money, being the proceeds of the checks which he had cashed and used in violation of his trust; that the petitioner is entitled to an accounting; and that upon an accounting the defendant will be found to be indebted to the wife for large sums of money.

It is obvious that the amendment thus fully, explicitly, and precisely met the criticism of this court. As shown above, a previous amendment had cured the defects pointed out in the first decision except in the particular specified in the second decision. This last amendment cured that defect. While the last amendment repeats the substance of the immediately preceding one, it contains no allegations that have ever been disapproved by a decision of this court, and it does contain allegations not heretofore made which are necessary for the petition to conform to our last decision. This plain factual situation requires a judgment of affirmance in so far as perfection of the petition by amendment is concerned. It refutes the contention that the averments of the last amendment have been adjudicated by this court to be insufficient to state a cause of action. It is contended in this respect that—notwithstanding the specifications by this court in its decision of defects in the previously amended petition, and the fact that the present amendment appears to meet those criticisms—substantially the same allegations are to be found in the pleadings at the time of our previous decisions, and those decisions are binding adjudications of the inadequacy of these averments.

We reject this contention: first, because, as pointed out, this court has not previously disapproved any of the allegations of this amendment; and second, even though the substance of the amendment had been contained in the previous pleadings, and despite our judgments holding that the amended petition failed to state a cause of action, in that it should contain the precise allegations made in this amendment, those judgments would not as a matter of law require a holding now that the allegations made as suggested by this court are insufficient.

■ Counsel for the defendant in error, conceiving that the present action is predicated upon the rule stated in *Allen* v. *Allen*, 198 *Ga.* 269, 277 (31 S. E. 2d, 483), to wit, "whenever a husband acquires the separate property of his wife, with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him," requests that we review and overrule that decision. In that case it was merely shown that the husband received property that belonged to the wife, with-

out more. Here, it is alleged that he received it with the understanding that he would hold it in trust for her. This material difference so distinguishes that case until we would be unauthorized to overrule the same in the event we thought it unsound. The present action is sustained by the following decisions: *Rucker* v. *Maddox,* 114 *Ga.* 899 (41 S. E. 68) ; *Garner* v. *Lankford,* 147 *Ga.* 235 (93 S. E. 411) ; *Wallace* v. *Mize,* 153 *Ga.* 374 (112 S. E. 724).

The petition as finally amended is sufficient to show that the husband obtained property of the wife not as a gift and not in consideration of any contract or obligation of the wife to the husband. Accordingly, the petition—alleging facts sufficient to show that the husband held such property of the wife in trust, that the property had been converted to the husband's own use, that he had failed to account therefor, and that upon an accounting he would be shown to owe the wife large sums of money— stated a cause of action. The court did not err in overruling the general demurrers. The special demurrers are also without merit.

*Judgment affirmed. All the Justices concur, except Almand, J., who dissents.*