## SIMPSON *v.* HAYES.

No. 17744. Argued January 16, 1952—Decided February 11, 1952— Rehearing denied March 13, 1952.

*Pittman, Hodge & Kinney, Alston, Foster, Sibley & Miller,* and *Wm. B. Spann Jr.,* for plaintiff.

*Mitchell & Mitchell,* for defendant.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) While the precise question presented is the legality of the trial judge's order of January 29, 1951, in striking the plaintiff's third amendment, yet, to determine that question, it becomes necessary to consider the effect of the prior order of the judge issued on June 22, 1950, after the first amendment was filed, the effect of which was to dismiss the petition but allow ten days to reinstate the case by asserting proper allegations. There was no exception to this order. When on June 29, which was within the ten-day period, the second amendment was filed, whether the case would be reinstated or not, would depend upon whether the amendment filed was sufficient to meet the criticism

of the demurrer. If so, the cause of action became reinstated. If not, it remained dismissed as of the date of the order of June 22. *Pratt* v. *Gibson,* 96 *Ga.* 807 (23 S. E. 839); *Clark* v. *Ganson,* 144 *Ga.* 544 (87 S. E. 670); *Speer* v. *Alexander,* 149 *Ga.* 765 (102 S. E. 150); *Lavenden* v. *Haseman,* 157 *Ga.* 275 (121 S. E. 646); *Humphries* v. *Morris,* 179 *Ga.* 55 (1) (175 S. E. 242); *Smith* v. *Atlanta Gas-Light Co.,* 181 *Ga.* 479 (2) (182 S. E. 603); *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488 (4 S. E. 2d, 181); *Gamble* v. *Gamble,* 193 *Ga.* 591 (19 S. E. 2d, 276). After the amendment was filed, the defendant, on July 17—taking the position that the amendment had not met the criticism of the general demurrer—moved to strike the case from the docket. The trial judge overruled this motion, the effect of this ruling being that the judge construed the amendment as meeting the criticism of the demurrer. Exceptions to this ruling were taken, and the Court of Appeals reversed the trial judge (*Hayes* v. *Simpson,* 83 *Ga. App.* 22, 62 S. E. 2d, 441), holding that the amendment did not cure the defect asserted by the demurrer. It was thus determined that the plaintiff had not amended his petition to meet the grounds of demurrer. The amendment, not containing the necessary allegations to reinstate the case, was the same as filing no amendment, and it thus remained dismissed as of the date of the court's order and no part of the case was then pending. The ruling of the Court of Appeals that the proffered amendment was not sufficient to reinstate the case became the law of the case. *City of Atlanta* v. *Smith,* 165 *Ga.* 146 (1) (140 S. E. 369), and citations. It had the same effect as if the trial judge had dismissed the case, and is controlled by the rule that, after a general demurrer to a declaration has been sustained and the cause dismissed by the lower court, and that judgment affirmed by the appellate court without condition or direction, the declaration is not amendable, as in *Central R. & Bkg. Co.* v. *Paterson,* 87 *Ga.* 646 (13 S. E. 525); *Harp* v. *Southern Ry. Co.,* 119 *Ga.* 927 (4) (47 S. E. 206); *City of Rome* v. *Sudduth,* 121 *Ga.* 420 (1) (49 S. E. 300); *Kehr* v. *Floyd & Co.,* 135 *Ga.* 424 (69 S. E. 550); *Federal Investment Co.* v. *Ewing,* 166 *Ga.* 246 (2) (142 S. E. 890); *McRae* v. *Sears,* 183 *Ga.* 133 (187 S. E. 664); *Redwine* v. *Frizzell,* 185 *Ga.* 191 (194 S. E. 175); *Durham* v. *Smith,* 188 *Ga.* 233 (3 S. E. 2d, 719). It does not come under

the rule that, where a judgment overruling a demurrer to a petition has been reversed by the appellate court, an amendment may be filed before the appellate-court judgment is made the judgment of the lower court, as in *Owens* v. *Owens,* 190 *Ga.* 191 (8 S. E. 2d, 644), and citations, because under that circumstance the case is still pending in the lower court.

Accordingly, when on January 15, just before the remittitur from the Court of Appeals was transmitted to the lower court, the plaintiff filed a third amendment, it came too late, as no part of the case was pending in the lower court, since, under the terms of the trial judge's order, as determined by the Court of Appeals, it had been dismissed as of June 22; and it was therefore not error for the trial judge to strike the third amendment and strike the case from the docket.

*Judgment affirmed. All the Justices concur.*