22232, 22233. GEORGIA INDUSTRIAL REALTY COMPANY v. SMITH; and vice versa.

ARGUED OCTOBER 15, 1963—DECIDED NOVEMBER 7, 1963—REHEARING DENIED NOVEMBER 19, 1963.

*Greene, Neely, Buckley & DeRieux, Edgar A. Neely, Jr., James H. Moore, B. Hugh Burgess,* for plaintiff in error.

*J. A. Branch, B. P. Gambrell, Harold Sheats, John Wesley Weekes,* contra.

HEAD, Presiding Justice. Georgia Industrial Realty Company filed a petition against S. E. Smith seeking specific performance of an alleged contract for the sale of realty. In *Smith v. Ga. Industrial Realty Co.*, 215 Ga. 431, 434 (111 SE2d 37), this court held that the description of the land in the option contract was so "indefinite and uncertain as to render the contract void and incapable of specific performance," and the judgment of the trial court overruling an oral motion to dismiss the petition as amended was reversed.

Before the remittitur of this court was made the judgment of the trial court the plaintiff offered an amendment to its petition, which was filed subject to objection, seeking reformation of the contract. In substance this amendment alleged: About August 21, 1954, Forrest A. Ragsdale, a real estate broker, went to the home of the defendant to discuss with the defendant the possibility of the defendant selling either a portion or the whole of his property located in the 15th District of DeKalb County, and the possibility of the defendant allowing Ragsdale to act as the defendant's agent in offering his property for sale. On the occasion of this visit the defendant stated to Ragsdale that he would not be interested in selling only a portion of his property in the 15th District of DeKalb County, but that he would favorably consider selling his entire tract in the 15th District of DeKalb County for the sum of $350 per acre. On the same date the defendant and Ragsdale entered into an exclusive sales contract, wherein the property of the defendant was described, among other ways, as ". . . being all that property owned by S. E. Smith and containing 638 acres more or less." Following the execution of the exclusive sales contract, Ragsdale prepared an option agreement (the same one dealt with in the prior opinion by this court), and the defendant executed this agreement. When the defendant executed the option agreement, he "intended to offer for sale for the sum of $350.00 per acre to Georgia Industrial Realty Company all of the real property then owned by said S. E. Smith in the 15th District of DeKalb County, Georgia." When the plaintiff accepted the defendant's offer, the plaintiff "intended to enter into a contract with said Smith to purchase from said Smith for the sum of $350.00 per acre all of the real property then owned by said S. E. Smith in the 15th District of

DeKalb County, Georgia." The description utilized in the option agreement is so indefinite and uncertain as to render the description void. By reason of the mistake of Ragsdale, the defendant's agent, as to the legal effect and consequence of the description which Ragsdale utilized in preparing the option agreement, the agreement violated the intention of each of the parties. The prayer of the amendment was that the option agreement and the contract for sale formed by the plaintiff's acceptance of the defendant's offer to sell contained in the option agreement "be reformed . . . in order that the same will reflect the true intention of the parties."

In *Frank & Co. v. Nathan*, 159 Ga. 202, 208 (125 SE 66), it was held: "But a bill of complaint in a suit to reform a written instrument must clearly and distinctly state what was the contract or agreement between the parties, and show what part of the contract was omitted when it was reduced to writing, or what portion of the contract as it was expressed in the writing was not embraced in the original contract. 'If mistake is relied on, it must be distinctly charged and stated with precision, the particular mistake being shown and how it occurred. In other words, the pleader should state why the terms of the actual contract happened to be left out, or how terms not agreed on came to be inserted.' 23 R. C. L. 361." See *Martin v. Turner*, 166 Ga. 293, 295 (143 SE 239); *Wheeler v. Poore*, 204 Ga. 477 (50 SE2d 326).

The allegation in the amendment that it was the intention of the defendant to sell all of his land in the 15th District of De-Kalb County, and that it was the intention of the plaintiff to buy this land, is wholly insufficient to comply with the rule as to precisely and distinctly pleading the mistake relied on and how it occurred. There is no allegation that the parties by prior negotiations had made an agreement as to the property which was to be bought and sold, and it is not shown what language should have been omitted from the contract, and what language should be written into it. While it is alleged that the parties had other "intentions" than those set out in the contract, it is not shown that these intentions had been communicated to each other and agreed upon prior to the execution of the contract.

The amendment was insufficient to state a cause of action for reformation of the contract. It was therefore insufficient to supply the deficiencies of the petition pointed out by this court in the prior appearance, and was subject to the demurrer of the defendant asserting that the petition as amended failed to state a cause of action.

After the remittitur of this court was made the judgment of the trial court, the petition was again amended by substituting in lieu thereof a new complaint. The defendant moved to strike this amendment because it was filed after the remittitur from this court was made the judgment of the trial court. The plaintiff again amended its petition, and the defendant renewed his demurrers and motion to strike. On March 14, 1961, the trial judge overruled the defendant's renewed general demurrers and denied his renewed motion to strike, and this order is one of those assigned as error in the cross bill of exceptions.

In *Thurmond v. Clark*, 47 Ga. 500, 502, it was held: "We have several times decided that a complainant may amend his bill after a demurrer to it has been sustained by this court, provided the motion to amend be made at or before the time that the opposite party moves to enter the remittitur upon the minutes, and to make it the judgment of the court. This, however, contemplates that a substantial amendment is offered. If the complainant, by his proposed amendment, still fails to make a case for equitable interference, the amendment will not save the bill." See also *Mills v. Boyd Lumber Co.*, 148 Ga. 23 (95 SE 698).

In the present case, since the amendment filed prior to the time the remittitur of this court was made the judgment of the trial court was insufficient to perfect a cause of action, and the defendant demurred to the petition as amended on that ground, it was error for the trial judge to deny the renewed motion of the defendant to strike the petition as subsequently amended. All further proceedings were nugatory, and the exception in the main bill of exceptions to the judgment of the trial court sustaining the defendant's motion for judgment notwithstanding mistrial, need not be considered.

*Judgment on the cross bill of exceptions reversed; main bill of exceptions dismissed. All the Justices concur.*

## ON SECOND MOTION FOR REHEARING.

The judgment of this court was rendered on November 7, 1963. The motion for rehearing by the plaintiff was denied on November 19, 1963. On November 20, 1963, counsel for the plaintiff, pursuant to Rule 40 (b), lodged in the office of the clerk of this court a document denominated "Second Motion for Rehearing and for Leave to Allow Movant to Amend in the Lower Court."

In the motion for rehearing denied by this court on November 19, 1963, counsel cited and strongly relied upon *Clements v. Hollingsworth*, 206 Ga. 255 (56 SE2d 505). The decision in the *Clements* case was before this court and was considered by the court at the time the motion for rehearing was denied on November 19. In the "Second Motion for Rehearing" it is insisted that this court should either agree with the decision in the *Clements* case, or distinguish it. The *Clements* case is not in point on its facts, and is not in conflict with the opinion and judgment of this court as rendered on November 7, 1963. In the *Clements* case the court had before it for consideration amendments to pleadings wherein the court had pointed out the deficiencies in the pleadings prior to the proffered amendment. In the present case the deficiency in the action of the plaintiff was not in the pleadings as such, but in the contract upon which the plaintiff sought to recover, and as to this contract it was said: ". . . the description of the land in the contract and the map or plat attached thereto is so indefinite and uncertain as to render the *contract void and incapable of specific performance.*" (Italics ours.) *Smith v. Ga. Industrial Realty Co.*, 215 Ga. 431 (4), supra. This ruling by this court became the law of the case, and it simply means that as to the contract sought to be enforced there could never be any recovery by the plaintiff in the present case, or in any future case, at any time, in any court.

Before the judgment of this court in *Smith v. Ga. Industrial Realty Co.*, 215 Ga. 431, supra, was made the judgment of the trial court on the remittitur, the plaintiff tendered, and had allowed, subject to objection, an amendment to its original petition containing some twenty paragraphs. The plaintiff's petition when it was formerly before this court was in one count. The

amendment purports to amend the original petition without striking any of the allegations of the original petition and seeks reformation of the contract originally sued upon. It thus appears, in addition to the other infirmities of the petition heretofore set out in the opinion, that we have a petition containing two contradictory theories, first an action on the contract, and second, a reformation of the contract.

"Manifestly, a petition which fails to set forth a cause of action can not be made the basis of an amendment which seeks not merely to amplify or perfect the allegations contained in the original petition, but purports to substitute in lieu thereof or to add thereto an altogether different state of facts. This was the effect of the rulings in *Davis v. Muscogee Mfg. Co.*, 106 Ga. 126 (32 SE 30), *Shepherd v. Southern Pine Co.*, 118 Ga. 292 (2) (45 SE 220), and *Jones v. Robinson,* 172 Ga. 746 (3) (158 SE 752)." *Harrell v. Parker,* 186 Ga. 760, 767 (198 SE 776).

The allegations of the amendment seeking reformation being in irreconcilable conflict with the allegations of the original petition, and no effort being made to strike or remove such conflicting allegations from the petition, the amendment was fatally defective for this reason. *Beecher v. Carter,* 189 Ga. 234 (5 SE2d 648); *Pita v. Whitney,* 190 Ga. 810 (10 SE2d 851); *Wild v. Krenke,* 206 Ga. 83 (55 SE2d 544).

The purported amendment being wholly deficient in substance, standing alone, to state a cause of action for reformation, it should have been stricken for this deficiency in substance. *Puritan Chemical Co. v. Crown Chemical Co.,* 214 Ga. 296 (104 SE2d 457).

The filing of the purported second motion for rehearing is denied.