24181. PEACOCK CONSTRUCTION COMPANY v. CHAMBERS.

ARGUED JULY 10, 1967—DECIDED JULY 14, 1967.

*Gambrell, Russell, Moye & Killorin, Charles A. Moye, Jr., David A. Handley,* for appellant.

*Greene, Buckley, DeRieux, Moore & Jones, Burt DeRieux, Douglas Stewart, C. Richard McQueen, Reinhardt, Ireland, Whitley & Sims, Glenn Whitley, Jones, Bird & Howell, Earle B. May, Jr.,* for appellee.

DUCKWORTH, Chief Justice. We granted the petition for certiorari because we, along with the Court of Appeals, have been confused by decisions of this court. We can do something about it, but that court is helpless to avoid some of our decisions by which they are constitutionally bound. It is difficult to understand how any lawyer or judge could think that an express judgment sustaining a demurrer to a petition is not completely final as to all rights of the petitioner asserted therein. Whether or not a formal order dismissing the petition is ever entered, the judgment sustaining the demurrer which asserts that no cause of action is alleged stands as an insuperable barrier to the petitioner ever obtaining the relief sought. Adding to the judgment that has sustained the demurrer a further provision stated in various terms to the effect that the petitioner has a given number of days in which to amend amounts to no more than an offer to vacate the judgment if within the time stated

an amendment curing the deficiency is filed. The very act of appealing at once is an express rejection of the offer, and, hence, the case stands terminated in the trial court. The plaintiff could not thereafter claim the right to amend. It would seem that the foregoing would leave no doubt of the petitioner's right to appeal immediately from such a judgment. But numerous decisions of this court appear to hold otherwise. Among these are: *Ga. R. & Power Co. v. Kelly,* 150 Ga. 698, 699 (105 SE 300); *Zipperer v. Helmnly,* 148 Ga. 480 (97 SE 74); *Smith v. Atlanta Gas Light Co.,* 181 Ga. 479 (182 SE 603); *Peyton v. Rylee,* 191 Ga. 40 (11 SE2d 195); and *Upshaw v. Ragsdale,* 192 Ga. 11 (14 SE2d 486).

We have carefully reviewed all previous decisions of this court so holding, and we believe them to be unsound and, without needlessly encumbering this opinion by listing such cases, we hereby expressly overrule each and every one of them. However, since some of the cases had been cited for authority in *Beiter v. Decatur Fed. Savings &c. Assn.,* 222 Ga. 516 (1) (150 SE2d 687), it has been suggested that it likewise be overruled. While we think that the reasoning in Headnote I of that opinion is wrong, yet we feel the result is correct, and the *Beiter* case is not overruled. It is clear that, as stated in the Court of Appeals opinion in the case under review, a self-executing dismissal provision in an order sustaining demurrers on the merits is a final judgment. However, if no notice of appeal is filed beforehand, the case is not automatically dismissed until the expiration of the time allowed for amendments, and an appeal within thirty days after such date is timely. This is the holding in the *Beiter* case, supra.

The appellant has an election, that is (1) an immediate appeal by foregoing the privilege to amend; or (2) he may consider amending up to the expiration of the time allowed for amendments, yet appeal within 30 days thereafter; and (3) if he elects to amend during the period of time allowed, he is entitled to have his petition as amended considered on demurrer to determine if a cause of action is now alleged after amendment. We do not agree with such cases as *Glover v. S. F. & W. R. Co.,* 107 Ga. 34 (32 SE 876); *Hamer v. White,* 110 Ga. 300 (34 SE

1001); *Speer v. Alexander,* 149 Ga. 765 (102 SE 150); and *Lavenden v. Haseman,* 157 Ga. 275 (121 SE 646), and similar cases holding that, by electing to amend, the petitioner has conceded that his original petition was defective and is thereafter estopped to say an amendment was not necessary. If he amends, no law of the case is established that his original petition was defective unless he fails to amend and appeal promptly as in *Northside Manor v. Vann,* 219 Ga. 298 (133 SE2d 32). But he is entitled to have his entire petition as amended considered on renewed and additional demurrers as to whether a cause of action is then alleged if he makes the election to amend. If his original petition was good then he is entitled to remain in court whether or not the amendment was material. To the extent that the above and similar cases hold that the pleader is estopped to say that the amendment was not necessary by the election he made, they are overruled.

The Court of Appeals cited *Pratt v. Gibson,* 96 Ga. 807 (23 SE 839); *Waller & Co. v. Clarke,* 132 Ga. 830 (64 SE 1096); and *Simpson v. Hayes,* 208 Ga. 754 (69 SE2d 567), all of which support its ruling which is sound, but since the decisions of this court set forth above cast grave doubt upon when to amend or appeal such judgments, a pressing need was felt by this court to act and overrule all of our decisions contrary to this opinion. We make these procedural rulings here to clear the air of confusion in the minds of both the bench and bar, for even if a procedural rule be wrong—if clear, it is better than that it be eternally doubtful.

We have considered whether any of our rulings are obiter dicta. Since the case involves the definition of the type of judgment appealed from, we hold that all of our definitions of such judgments and when to appeal therefrom are relevant and not obiter dicta and that there is no obiter dicta in our opinion. We believe our action is demanded in justice to the Court of Appeals as well as to the entire bench and bar alike.

On the merits of the case the majority opinion of the Court of Appeals has been examined by us, and we find it is also correct and affirm its judgment.

*Judgment affirmed. Duckworth, C. J., Almand, P. J., Mobley,*

*Grice, Nichols and Undercofler, JJ., and Judge Sam P. McKenzie, concur. Frankum, J., disqualified.*