### 43189. C & A LAND COMPANY v. GENERAL MECHANICAL CORPORATION.

PANNELL, Judge. 1. A special demurrer, being a critic, must itself be free from imperfections. *Southern States Portland Cement Co. v. Helms,* 2 Ga. App. 308, 314 (58 SE 524). Certain paragraphs of the answer and cross action (Paragraphs 9, 9A, 9B, 9C, 9D, and 9E) in the present case as amended January 11, 1967, contained allegations that the contract sued upon by the plaintiff was "ambiguous, misleading, vague and indefinite" in certain parts. These allegations were demurred to by the plaintiff "on the ground that it is an attempt by the defendant to file a special demurrer after time stated in the process as the appearance day in this case, the same being contrary to law." There is an order in the record extending the time for filing demurrers and defensive pleadings to a time after the time stated in the process as the appearance day of the case. These allegations therefore, even if treated as demurrers, are not subject to the objections made. Whether or not, if treated as demurrers, they were filed within the extended time is not a question raised by the demurrers interposed thereto. While the defendant, by a later amendment, struck these paragraphs in their entirety, substituting a new paragraph only as to one (Paragraph 9), he did not waive his right to complain of the court's ruling on the demurrer. *Peacock Constr. Co. v. Chambers,* 223 Ga. 515, 518 (156 SE2d 348); Act approved March 10, 1966, amending *Code* § 81-1001 (Ga. L. 1966, p. 451). Accordingly, we must hold that the trial court erred in sustaining the demurrers, the sustaining of which is complained of in Enumerations of error 1 through 6.

2. The defendant in his answer and cross action as amended January 11, 1967, sought to claim (Paragraphs 9F, 9G, 9H, 11A, and 24D) a partial failure of consideration based upon allegations that the plaintiff, in the contract sued upon and attached to the petition, had in Paragraph 2 of the contract agreed to supervise the work of other contractors, which contract of supervision plaintiff had failed to perform, and that it was orally agreed defendant was to be paid $50 "per unit" for such supervision, which amount was included in the price of $898.50 per unit specified in the written contract. Partial failure of consideration was claimed in the amount of $3,800

representing 76 units. Paragraph 2 of the contract was typed or printed with certain portions marked through and the marked through portions initialed. With these phrases eliminated, Paragraph 2 provided "that the owner recognize and all contractors agree that [plaintiff] . . . is to be the contractor under this agreement, with the right, duty and responsibility of scheduling all work under all contracts." By this language the plaintiff was not required to "supervise the work of other contractors" or to see that the work of the other contractors was completed. The provisions of Paragraph 2 which might have required the plaintiff to do these things was stricken therefrom and initialed. Accordingly, this particular defense of partial failure of consideration based thereon was properly stricken on demurrers attacking the various allegations as an attempt to vary the written contract by a parol agreement. Since the alleged ambiguity was dependent upon the contract containing a provision that the defendant supervise the work of other contractors these allegations were insufficient to permit the pleading or proof of parol evidence in explanation thereof under *Code* § 38-502. Accordingly, Enumerations of error 7 through 11 are without merit. It follows also that the defense of delay in finishing construction causing loss of rentals because of the alleged failure to supervise the work of other contractors and the paragraphs alleging the same (24D, 24H, and 24I) were subject to the demurrers interposed, and for this reason Enumerations of error 11 through 13 are without merit.

3. The demurrers, so far dealt with, were sustained by the trial judge on February 3, 1967, with 10 days in which to amend, the order reciting "in the event the amendment to be filed by the defendant does not meet the demurrers herein passed upon, the cross action of the defendant shall stand dismissed." On February 13, 1967, to meet these demurrers, the appellant struck Paragraph 9 and all of the subparagraphs and substituted a new Paragraph 9 which new Paragraph 9 reiterated partly the erroneous conclusion that plaintiff was required to perform supervisory services over the other contractors. A new Paragraph 11A was also substituted, its effect depending upon the same assumption and a new Paragraph 24D also depending upon the same assumption and resubmitted Paragraphs 24H and 24I. This amendment was allowed and ordered filed subject to demurrer and objection, whereupon

the plaintiff moved to strike the amendment on the ground that it added nothing new or of substance to the cross action and prayed that the cross action be dismissed. This motion was sustained and the cross action dismissed. The trial resulted in a verdict for the plaintiff appellee for the sum sued for. The defendant appellant in his appeal, in addition to enumerations of error already dealt with, enumerated as error the provision in the order of February 3, 1967, for the dismissal of the cross action of appellant in the event the amendment to be filed failed to meet the demurrers therein passed upon, and also enumerated as error the sustaining of the objection to the amendent offered and to the dismissal of the cross action on February 21, 1967. *Held:*

Irrespective of whether the amendment met the demurrers above referred to, and irrespective of whether the trial judge was correct in sustaining the demurrers prior to the last amendment, he erred in providing that the cross action be dismissed if the amendment did not meet the demurrer in his order of February 3, 1967, and erred in his order of February 21, 1967, in striking the cross action. Paragraphs 14 and 15 of the cross action set up a partial plea of failure of consideration based upon the alleged failure of the plaintiff to complete portions of the installations in a good and workmanlike manner, causing defendant to incur expenses in a total amount of $4,612.77 to complete and install the plumbing facility which plaintiff contracted to install. While these paragraphs were demurred to at one time calling for additional information as to the expenses, an amendment was filed setting forth this information and this demurrer was never renewed to the paragraphs as amended. Accordingly, the cross action was not subject to be stricken in its entirety inasmuch as it set up this defense of partial failure of consideration. *Judgment reversed. Bell, P. J., and Whitman, J., concur.* Argued November 8, 1967—Decided March 7, 1968.

*John P. Jones, Harvey A. Clein, Schwall & Heuett, Emory A. Schwall,* for appellant.

*Claude E. Hambrick,* for appellee.