43165. GENERAL MOTORS CORPORATION v. JENKINS, by Guardian.

ARGUED NOVEMBER 9, 1967—DECIDED MARCH 14, 1968—REHEARING DENIED MARCH 29, 1968—

528

King & Spalding, Charles H. Kirbo, R. Byron Attridge, John C. Staton, Jr., for appellant.

Samuel D. Hewlett, Jr., Thomas M. Odom, George W. Fryhofer, Cullen M. Ward, for appellee.

QUILLIAN, Judge. Code § 3-510 (now repealed but in effect in the case sub judice) provides in part: "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, and if done in term time, the clerk of court or justice of the peace shall enter such dismissal on the docket."

Therefore, the question for determination is whether the plaintiff's voluntary dismissal of the petition at this stage of the proceedings would prejudice any right of the defendant. The decision of this court in the prior appearance of this case, General Motors Corp. v. Jenkins, 114 Ga. App. 873, supra, was an adjudication that the petition as amended did not set forth a cause of action against General Motors Corporation. Hence, if the petition as amended did not set forth a cause of action, the amendment which was filed to the original petition did not meet the criticism of the original general demurrer which was sustained with leave to amend within 30 days. This being established, under Simpson v. Hayes, 208 Ga. 754 (69 SE2d 567), the amendment not containing the necessary allegations to meet the criticisms of the original general demurrer, it was the same as filing no amendment, and this court's prior holding had the same effect as if the trial judge had sustained the general demurrer without leave to amend and that judgment had been affirmed by the appellate court without direction or condition. Peacock Construction Co. v. Chambers, 223 Ga. 515 (156 SE2d 348).

In Simpson v. Hayes, 208 Ga. 754, 756, supra, factually similar to the present case, appears the following language: "After the amendment was filed, the defendant, on July 17—taking the position that the amendment had not met the criticism of the general demurrer—moved to strike the case from the docket. The trial judge overruled this motion, the effect of this ruling

being that the judge construed the amendment as meeting the criticism of the demurrer. Exceptions to this ruling were. taken, and the Court of Appeals reversed the trial judge (*Hayes v. Simpson*, 83 Ga. App. 22 (62 SE2d 441)), holding that the amendment did not cure the defect asserted by the demurrer. It was thus determined that the plaintiff had not amended his petition to meet the grounds of demurrer. The amendment, not containing the necessary allegations to re-instate the case, was the same as filing no amendment, and it thus remained dismissed as of the date of the court's order and no part of the case was then pending. The ruling of the Court of Appeals that the proffered amendment was not sufficient to re-instate the case became the law of the case. *City of Atlanta v. Smith*, 165 Ga. 146 (1) (140 SE 369), and citations. It had the same effect as if the trial judge had dismissed the case, and is controlled by the rule that, after a general demurrer to a declaration has been sustained and the cause dismissed by the lower court,. and that judgment affirmed by the appellate court without condition or direction, the declaration is not amendable, as in *Central R. & Bkg. Co. v. Paterson*, 87 Ga. 646 (13 SE 525). [Citations.] It does not come under the rule that, where a judgment overruling a demurrer to a petition has been reversed by the appellate court, an amendment may be filed before the appellate court judgment is made the judgment of the lower court, as in *Owens v. Owens*, 190 Ga. 191 (8 SE2d 644), and citations, because under that circumstance the case is still pending in the lower court."

The adjudication of this court that the amendment did not meet the criticism of the demurrer became the law of the case and was a substantial right within the meaning of *Code* § 3-510. Therefore, the attempted dismissal, without leave of the court, was completely ineffectual and the case remains in the breast of this court.

The trial judge erred in allowing the amendments and in overruling the general demurrer as to General Motors Corporation.

*Judgment reversed. Bell, P. J., Hall and Whitman, JJ., concur. Jordan, P. J., Eberhardt and Pannell, JJ., concur specially. Felton, C. J., and Deen, J., dissent.*

JORDAN, Presiding Judge, concurring specially. The question, simply stated, is whether or not the plaintiff's case was pending in the trial court at the time she attempted to dismiss. Prior opinions of both this court and the Supreme Court have clouded the issue and hence this special concurrence in order to again review the situation.

In my opinion not just any amendment filed to the petition prior to the remittitur being made the judgment of the trial court revives the cause of action so as to make it a pending cause. This is only true where the amendment *cures* the defect pointed out by the reviewing court. If as a matter of law it does not, then the cause of action is no longer pending and all further proceedings are nugatory, and subsequent dismissal by the plaintiff would prejudice the rights of the defendant.

In the previous appearance of this case (*General Motors Corp. v. Jenkins,* 114 Ga. App. 873, 876) we said, "Where a vehicle is brought to an automobile dealer by its owner for the purpose of having it repaired and the owner reveals to the dealer the fact that there is a dangerous defect in the vehicle, the failure of the dealer to discover and correct the defect when he could have done so by the exercise of ordinary care relieves the manufacturer of liability, unless the manufacturer should have *foreseen* that a dealer might fail to discover and remedy the defect by the exercise of ordinary care. The petition in this case fails to make this one allegation which would bring the manufacturer's liability into being," and went on to hold that the trial court therefore erred in overruling the general demurrer of General Motors Corporation. After this ruling and before the remittitur was made the judgment of the trial court it is clear that the plaintiff had a right to amend or dismiss the petition. Here the plaintiff sought to amend and timely filed the following amendments, identical but on different dates, to wit: "That defendant General Motors Corporation should have foreseen that defendant Daniel Chevrolet Company might fail to discover the remedy and defects herein alleged, by the exercise of ordinary care, particularly since defendant General Motors Corp. was itself negligent and should have anticipated that the defendant Daniel Chevrolet Company might likewise be negligent as herein alleged."

No new facts were alleged on which to base the conclusion stated in the proffered amendment, and under the ruling of the Supreme Court in *Gordon County Broadcasting Co. v. Chitwood*, 212 Ga. 21 (90 SE2d 5), it is clear that the amendment here tendered was inadequate and should have been stricken on demurrer. In that case the Supreme Court said: "It will be seen that petitioner has added by amendment, and in the same terms, what this court said was lacking in the petition when it was previously before this court. It is contended that, since the petitioner has added what the court said was lacking before, the petition now sets out a cause of action and that this is the law of the case. With this conclusion we do not agree. It must be remembered that, in the previous opinion in the instant case, this court was not pleading and was not setting up a form to be followed in pleading. It was not there said that, if the petition had alleged the language there used, it would have been held to have set out a cause of action. This court there simply stated in general terms what the facts alleged specifically must show in order to set out a cause of action for the relief sought," concluding that the amendment simply alleged certain conclusions from facts which the court had previously held were not sufficient to set out a cause of action and that it was error to refuse to strike the amendment on demurrer and with the amendment stricken, error to overrule the general demurrer.

If as a matter of law, the amendment offered here did not aid and revive the petition it became dead as a dodo when the remittitur was made the judgment of the trial court, for as was stated in *Georgia Industrial Realty Co. v. Smith*, 219 Ga. 482, 485 (134 SE2d 36): "In the present case, since the amendment filed prior to the time the remittitur of this court was made the judgment of the trial court was insufficient to *perfect* a cause of action, and the defendant demurred to the petition as amended on that ground, it was error for the trial judge to deny the renewed motion of the defendant to strike the petition as subsequently amended. *All further proceedings were nugatory,* and the exception in the main bill of exceptions to the judgment of the trial court sustaining the defendant's motion for judgment notwithstanding mistrial, need not be considered." (Emphasis supplied.)

Under the authorities cited above it would appear that unless the amendment is something more than an alleged conclusion or unless it is sufficient to perfect a cause of action, it is meaningless and stands on the same footing as if no amendment had been filed. In *Southeastern Wholesale Furniture Co. v. Atlanta Metallic Casket Co.*, 84 Ga. App. 271 (66 SE2d 68), this burden is squarely placed upon the pleader, for the holding there is on the condition that *"if he succeeds in perfecting the pleadings, either in the same proceeding or a new one, the decision of the appellate court on this issue no longer adversely affects him."* Pp. 277, 278. (Emphasis supplied.)

The amendment offered here in no way met the defect pointed out by this court when the case was first under review, was a mere conclusion and did not in any way aid or perfect the petition. This being true the litigation ended when the remittitur was entered in the trial court and all further proceedings were nugatory, and the plaintiff had no case to voluntarily dismiss under the provisions of *Code* § 3-510, and any attempt to do so would be prejudicial to the rights of the defendant General Motors.

Failure of this court to so hold would allow the filing of an utterly inadequate and meaningless amendment to revive a petition we have held to be lifeless resulting in a non-stop legal merry-go-round.

I am authorized to state that Judge Eberhardt concurs in this special concurrence.

PANNELL, Judge, concurring specially. I concur in the result reached by the majority, but for the reason that the attempted dismissal was completely ineffectual as the case had already been dismissed by the first ruling sustaining the general demurrer and the subsequent failure of the amendment filed within the time extended to meet this ruling. *General Motors Corp. v. Jenkins,* 114 Ga. App. 873 (152 SE2d 796); *Simpson v. Hayes,* 208 Ga. 754 (69 SE2d 567).

DEEN, Judge, dissenting. Since this dissent marks the fourth point of view on this case, it will be well first to state the positions on which all the judges are in agreement. We are all of the opinion that the core question is whether this case was in fact pending or whether it was already defunct at the time when

the plaintiff filed his voluntary dismissal. We agree that if at the time the trial court finally overruled the general demurrers on June 29, 1967, from which order this appeal was taken, there was any amendment not previously passed on, which was not filed too late to be considered, and which in fact cured the defects pointed out in our decision when the case was here before, then the case is pending and could be dismissed by the plaintiff. Some of us, but not all, think that if there was any *material* amendment which could be considered and had not been previously adjudicated, the case was pending whether that amendment was sufficient to cure the defects in the petition or not. Others are of the opinion that the right to amend had expired, and the case was defunct, prior to the final order of June 29. Here there is another difference of opinion, for while we all agree that when a case is dismissed or otherwise "dies," it must expire on some ascertainable date. Some who entertain this view believe the petition was dismissed as of September 25, 1964 (the trial court's first order sustaining the general demurrer with 30 days leave to amend), while others believe it expired on the date (between March and June, 1967) when the remittitur from this court on the first appeal was made the judgment of the trial court, and still others set the date at August 7, 1967, when the plaintiff voluntarily dismissed the case in the trial court. These points of view give rise to the following questions:

1. Where the order of the trial court "sustains the general demurrer with 30 days leave to amend" and an amendment is actually filed within the 30 days, is the right to amend thereafter cut off? My position is that the right to amend is cut off in only two instances: (a) Where no amendment is filed within the time granted in the order (*Northside Manor v. Vann*, 219 Ga. 298 (133 SE2d 32)) and (b) where the order contains an "automatic dismissal" feature and by its terms provides that the petition "stand dismissed" or similar language unless, within the time limited it "meets the criticism of the demurrer," etc. *Gamble v. Gamble*, 193 Ga. 591 (19 SE2d 276); *Simpson v. Hayes*, 208 Ga. 754 (69 SE2d 567). Otherwise I think the right to amend is "as broad as the doctrine of universal salvation," and that the case remains pending until an order dismissing it

is written and signed. *Graham v. Phinizy,* 204 Ga. 638, 643 (51 SE2d 451); *Freeman v. Brown,* 115 Ga. 23 (41 SE 385). An order conditionally sustaining a general demurrer with leave to amend, and with no dismissal feature, cannot of itself preclude amendment. "It is impossible to couch an order or judgment in such language as to have the effect of presently dismissing the petition and at the same time retaining it in court to be amended." *Perkins v. First Nat. Bank,* 221 Ga. 82, 93 (143 SE2d 474). Such an order may, *at the election of the pleader* be treated as final for purposes of appeal, but also at his election he may amend, in which case the conditional order becomes functus officio. *Peacock Constr. Co. v. Chambers,* 223 Ga. 515 (156 SE2d 348), approving *Chambers v. Peacock Constr. Co.,* 115 Ga. App. 670, 673 (155 SE2d 704), where a distinction is drawn between cases which do "not carry a self-executing provision; that is to say, . . . [do] not provide as in the present case that in default of an amendment within the time allowed the petition should stand dismissed." I do not think there was any automatic dismissal under the order conditionally sustaining the demurrers on September 25, 1964.

2. If I am wrong as to the general effect of such an order as discussed above, I think it is the law of this case that the right to amend was not cut off by the 1964 order, because in this case we held on its prior appearance that, plaintiff having filed an amendment within the time allowed, he could thereafter file another amendment which the trial court properly allowed and considered after the time stated in the order had passed. *General Motors Corp. v. Jenkins,* 114 Ga. App. 873 (1) (152 SE2d 796), cert. denied, 114 Ga. App. 885. It is therefore the law of this case that this court cannot, as the majority opinion seeks to do, go back to the 1964 order as a basis for dismissal, or as basis for refusing to consider amendments subsequently filed.

3. The remaining view, proposed by Judge Jordan's special concurrence, is that the right to amend was cut off, and the petition accordingly ceased to be a "pending case" as of the date the remittitur from this court on its previous appearance was made the judgment of the trial court. I agree with him that under *Georgia Indus. Realty Co. v. Smith,* 219 Ga. 482 (134

SE2d 36), if the first amendment, which was timely filed, was insufficient, the second amendment, filed after the order was taken, should have been stricken. But with the last amendment stricken the amendment of March 8, 1967, would remain, and if the March 8 amendment was good the plaintiff could again amend, so in either event the sufficiency of the petition depends on the sufficiency of the March 8 amendment. I think that this amendment did cure the defects pointed out when this case was here before.

This court gave a clear invitation to amendment when it said: "The petition in this case fails to make *this one allegation* which would bring the manufacturer's liability into being." That allegation, we said, was that "the manufacturer should have foreseen that a dealer might fail to discover and remedy the defect" which was built into the automobile in the manufacturer's plans and specifications. This allegation, with others in considerable detail, was added. Let us grant that an allegation that one guilty of the negligence causing the injury should have foreseen that another would not discover and remedy it is a conclusory allegation: it is nevertheless grounded on the facts already alleged concerning the acts and negligence of both defendants, and as such is a conclusion supported by the allegations of the petition and is not subject to special or general demurrer any more than an allegation that the defendant "had knowledge of" certain facts previously alleged (*Stewart Oil Co. v. Bryant*, 93 Ga. App. 191 (91 SE2d 48) ; *Jackson v. Co-op. Cab Co.*, 102 Ga. App. 688 (117 SE2d 627)) or that the defendant "admitted" certain facts previously alleged (*Hardin v. Council*, 92 Ga. App. 722 (89 SE2d 837)) or that the plaintiff was "free from fault" where the fact situation is stated. *Salmon v. Rogers*, 40 Ga. App. 73, 77 (3) (149 SE 52). A conclusion in pleading is not subject to special demurrer if the inference there stated may be legitimately drawn from the special facts pleaded. *Saliba v. Saliba*, 202 Ga. 279 (42 SE2d 748). One who is himself negligent is as a matter of law required to anticipate that others may also be negligent as to the same subject matter. *Williams v. Grier*, 196 Ga. 327 (26 SE2d 698). *Every fact upon which this inference rests had already been stated.* I do not know, and

no member of this court has suggested, what other facts might have been alleged as a basis for the statement that General Motors, after its described negligence in failing to design the Corvair correctly, failing to test it properly, and failing to inspect it so as to discover its defects, was also negligent in failing to anticipate that the defects it built into the design of the car would not be discovered by the dealer to whom it was delivered for sale.

*Gordon County Broadcasting Co. v. Chitwood*, 212 Ga. 21 (90 SE2d 5) relied on in the special concurrence, is not in point. Reference to the first appearance of that case (211 Ga. 544 (87 SE2d 78)) shows that the petition failed to allege *facts* to show that they were not an ordinary and necessary incident of the use of the premises.

What this court held on the first go-around was that even though there were factually supported allegations of negligence on the part of General Motors in its method of design, manufacture, and inspection of the Corvair, it was insulated against liability for injuries of the ultimate purchaser by the negligence prior to sale, absent a specification of negligence to the effect that General Motors should have anticipated that the dealer would be so negligent. We called for allegations of *awareness* on the part of General Motors, not for more information about what had actually been done. These were supplied. In *Chitwood* the court called for facts, and they were not supplied. "A mere reading of the allegations will reveal that petitioner has alleged no facts, but simply alleged certain conclusions from the facts which this court held in *Gordon County Broadcasting Co. v. Chitwood*, [211 Ga. 544 (87 SE2d 78)], were not sufficient to set out a cause of action for the abatement of a nuisance by injunction, unless further facts were made to appear, and which offer no sufficient basis upon which to base the conclusions here drawn." *Gordon County Broadcasting Co. v. Chitwood*, 212 Ga. 21 (2), uspra.

Let it also be remembered that the trial court never ruled on the March 8, 1967, amendment, and when it did rule on the petition as finally rewritten (the purpose of the last amendment being to delete the dealer as a co-defendant) it overruled the

538

general demurrer. The case was *pending* under this final order, and the plaintiff therefore had the right of voluntary dismissal.

I am authorized to state that Chief Judge Felton concurs in this dissent.