24694. JENKINS, By Guardian v. GENERAL MOTORS CORPORATION.

NICHOLS, Justice. The original petition in the present case was filed January 23, 1963. For a history of the case see *General Motors Corp. v. Jenkins*, 114 Ga. App. 873 (152 SE2d 796); and 117 Ga. App. 527 (160 SE2d 906). The petition for certiorari was granted to review again the effect of a judgment sustaining a general demurrer to a petition and at the same time permitting the plaintiff a number of days in which to amend.

In *Northside Manor v. Vann*, 219 Ga. 298 (133 SE2d 32), it was held that where a trial court sustains a general demurrer to a petition but allows time in which the plaintiff may amend, if no amendment is filed within such period and no timely ap-

peal is filed, the judgment sustaining the general demurrer establishes the law of the case, and an amendment filed after the time allowed by the original order should be stricken on proper motion.

In *Peacock Constr. Co. v. Chambers,* 223 Ga. 515, 518 (156 SE2d 348), with reference to such judgments it was said: "If he amends, no law of the case is established that his original petition was defective unless he fails to amend and appeal promptly as in *Northside Manor v. Vann,* 219 Ga. 298 [supra]."

Thus no law of the case is established where the plaintiff amends within the time specified in the judgment ruling on the demurrers, and another judgment must be rendered in order to establish the law of the case. Here the next judgment of the trial court to be rendered after the judgment sustaining the defendant's demurrers and allowing time for amendment was that the petition was not subject to demurrer. If no appeal was taken from this judgment it would have established the law of the case and not the first judgment which sustained the demurrer but allowed time for the plaintiff to amend.

The judgment first appealed from was one overruling the defendant's demurrers to the plaintiff's petition and such judgment was reversed. The reversal did not have the effect of re-instating the prior judgment but was an adjudication that the petition as amended did not set forth a cause of action. Under such circumstances the plaintiff could again amend before the judgment of the Court of Appeals was made the judgment of the trial court. See *Owens v. Owens,* 190 Ga. 191 (8 SE2d 644), and citations.

The decision in *Simpson v. Hayes,* 208 Ga. 754 (69 SE2d 567), relied upon by the Court of Appeals, itself relied upon cases expressly overruled in *Peacock Constr. Co. v. Chambers,* 223 Ga. 515, supra, which not only overruled those cases listed but all similar cases, which would include the *Simpson* case, supra.

The plaintiff had the right to amend before the judgment of the appellate court reversing the judgment overruling the defendant's demurrers to the plaintiff's petition was made the judgment of the trial court. This she did. Thereafter the defendant's demurrers were again overruled and the later voluntary dismissal by the plaintiff while such judgment stood unreversed did not prejudice any right of the defendant under *Code* § 3-510.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*

Argued September 12, 1968—Decided October 10, 1968—
Rehearing denied October 17, 1968.

*Grant, Spears & Duckworth, William G. Grant, Samuel D. Hewlett, Thomas M. Odom, George W. Fryhofer,* for appellant.

*King & Spalding, Charles H. Kirbo, R. Byron Attridge, John C. Staton, Jr., W. K. Meadow,* for appellee.

On Motion for Rehearing.

When this opinion was first delivered it was inadvertently shown that Chief Justice Duckworth participated therein, whereas in fact he neither heard the oral argument nor participated in the opinion.

The motion for rehearing has been carefully considered, is without merit, and is accordingly denied.

*Rehearing denied. All the Justices concur, except Duckworth, C. J., not participating.*